UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| CATHY D. BRADLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:14-CV-48 |
| v. ) | (JORDAN/SHIRLEY) |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02. This case came before the Court on the Defendant's Motion for a More Definite Statement [Doc. 5], filed on March 28, 2014.

Pursuant to Federal Rule of Civil Procedure 12(e), the Defendant asks the Court that the Plaintiff provide a more definite statement concerning the following: (1) statement of the facts; (2) the legal basis of her claims; (3) the basis for this Court's jurisdiction; and (4) the specific relief being sought.

As an initial matter, the Court finds that the Plaintiff has not responded to the instant motion and the time for doing so has expired. See E.D. Tenn. L.R. 7.1(a), Fed. R. Civ. P. 6(d), 5(b)(2)(E). The Court may treat the lack of opposition during the time allowed under the rule as acquiescence to the relief sought. See E.D. Tenn. L.R. 7.2; see also Campbell v. McMinn County, No. 1:10–CV–278, 2012 WL 369090, *7 (E.D. Tenn. Feb. 3, 2012) ("Plaintiff's failure to respond effectively waives any objections that he may have had on this matter.").

The Court further finds that the Complaint [Doc. 1] is so vague and ambiguous that the

1

Defendant will be unable to reasonably prepare a response. A complaint must contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). If the complaint "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading," the Court may order the plaintiff to make a more definite statement before the defendant responds. Fed. R. Civ. P. 12(e).

In the instant matter, the Plaintiff's complaint reads as follows: "Please consider reviewing the U.F. decision of my prescription drug assistance, due to the exorbitant drug cost of my medications. I have been very sick for 21 years and cannot afford the medicine to help me keep walking." [Doc 1 at 4]. The Complaint lacks specificity that would put the Defendant on notice of what the Plaintiff's claim is. It is unclear what the "U.F. decision" refers to, whether the Plaintiff has exhausted her administrative remedies prior to filing this action, and whether the Court even has jurisdiction to hear the matter. Moreover, the relief being sought is likewise vague and ambiguous. Accordingly, the Court finds that under Rule 12(e), the Defendant cannot be expected to prepare a response to the Plaintiff's Complaint.

The Court recognizes that the Plaintiff is proceeding *pro se* and may not be well-versed in the pleadings standards and rules of this Court. However, the Local Rules of the Eastern District of Tennessee require that the Plaintiff comply with these rules, as any other party presenting before the Court would be expected to do. Specifically, "[p]arties proceeding *pro se*

shall be expected to be familiar with and follow the Federal Rules of Civil Procedure and [the local] rules." E.D. Tenn. L.R. 83.13.

Therefore, based upon the Plaintiff's failure to respond to the instant motion and the Complaint's vague and ambiguous nature, the Court finds the Defendant's Motion for a More Definite Statement [**Doc. 5**] is well-taken, and it is **GRANTED**. The Plaintiff shall file an amended complaint, in compliance with Federal Rule of Civil Procedure 8(a), on or before **May 19, 2014**. Specifically, the amended complaint should explain in a brief, clear, and concise manner:

(1) the grounds for this Court's jurisdiction;

(2) sufficient facts that would give notice to the Defendant what the Plaintiff is claiming;

(3) identify by title and date any decision the Plaintiff seeks review of;

(4) facts related to the Plaintiff's claim that would show she is entitled to relief; and

(5) the relief being sought.

**IT IS SO ORDERED.**

ENTER:

  s/ C. Clifford Shirley, Jr.
United States Magistrate Judge